[Civ. No. 7842. First Appellate District, Division One.—March 12, 1931.]

AMOS H. ROBINSON, Respondent, v. LESLIE A. THORNEWILL et al., Appellants.

Rittenhouse & Snyder and Hadsell, Sweet & Ingalls for Appellants.

J. Maxwell Peyser and Philip M. Carey for Respondent.

DOOLING, J., *pro tem.*—Appeal from an order granting a new trial after verdict and judgment for defendants.

The action was one for wrongful death and arose out of a collision between a light Ford truck driven by decedent and a De Martini truck driven by appellant Patten. One of the grounds specified by the court in its order granting a new trial is insufficiency of the evidence to justify the verdict, and the order cannot therefore be disturbed on appeal if the evidence is in substantial conflict and there is sufficient evidence to support a judgment for plaintiff.

Appellants insist, however, that there was no evidence that defendants were guilty of negligence, and that under the evidence the decedent was guilty of negligence as a matter of law.

The collision occurred on the highway north of Santa Cruz shortly after dark. The decedent, Aldon E. Robinson, was driving his Ford truck in a northerly direction on this highway and appellant Patten was driving the De Martini truck in a southerly direction. No other person was present when the collision occurred except the drivers of the two trucks and consequently the only eye-witness who testified at the trial was appellant Patten. There was testimony, however, of the sheriff of the county that when he arrived at the scene of the accident there were skid marks on the road about seventy feet in length which led to the De Martini truck. At the place where these marks commenced, the right mark was about five feet from the right side of the road and the left mark about six feet from the left side of the road. From this the jury would be entitled to find that the marks were made by the wheels of the De Martini truck and that it was then being driven partly on the left side of the highway. Appellants' claim, that there is nothing to show that the marks did not commence after the point of collision, is answered by the testimony of appellant Patten himself, that his truck proceeded only thirty-nine or forty feet after the collision, while the skid marks as testified to by the sheriff were seventy feet long. If the jury chose to believe this evidence they could find that the De Martini truck was partly on the left side of the center of the road for at least thirty feet before the collision occurred. We conclude that there was sufficient evidence to support a finding of appellants' negligence.

Appellants' contention that the decedent was guilty of negligence as a matter of law is predicated on the testimony of Patten that the lights of the Ford truck were not

burning. Against this evidence respondent invokes the presumption that the deceased used due care for his own safety, thus raising the debatable question of law as to whether a disputable presumption can support a finding where contradicted by positive testimony to the contrary (*Smellie* v. *Southern Pac. Co.*, (Cal.) █ 287 Pac. 343), in which a rehearing has been granted by the Supreme Court. We do not feel called upon in this case to attempt to anticipate the ultimate ruling of the Supreme Court in the ·Smellie case because, as respondent points out, there is positive evidence in the record from the witness King that at a point which could not have been more than a few hundred yards from the point of collision he passed the Ford truck driven by the deceased and its lights were burning, and testimony that after the collision the light switch of the Ford truck was found to be turned on. While this is only circumstantial evidence that the lights were burning at the time of the collision, it is in our judgment sufficiently strong, if believed, to contradict the direct testimony of Patten. (*Parsons* v. *Easton*, 184 Cal. 764, 769 [195 Pac. 419].)

Furthermore the jury was entitled to believe that Patten had wilfully sworn falsely as to material matters, in which event his testimony as to the lights could be disbelieved. (Code Civ. Proc., sec. 2061, subd. 3.) In this connection it is sufficient to point out that Patten testified that at all times before the collision he was entirely on the right of the center of the highway, whereas the evidence would justify a finding that this was not true as pointed out above. Patten also testified that he saw the Ford truck when it was about thirty feet away. In this he was contradicted by the sheriff's testimony that shortly after the collision Patten told him that he did not see the Ford truck until he was within six or eight feet of it. If the jury concluded that Patten had wilfully sworn falsely in these particulars it would be at liberty to disbelieve all of his testimony, in which event the presumption that the deceased exercised due care would stand uncontradicted.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.